STATE OF NORTH CAROLINA v. LEON B. PATE

No. 754SC830

(Filed 17 March 1976)

**Automobiles § 129— driving under the influence — failure to instruct on reckless driving — no error**

In a prosecution for driving under the influence of intoxicating liquor, second offense, the trial court properly omitted from his charge to the jury instructions with respect to reckless driving, since there was no evidence tending to show that defendant's consumption of intoxicating liquor directly and visibly affected his operation of his vehicle immediately prior to his arrest for driving under the influence. G.S. 20-140(c).

APPEAL by defendant from *Winner, Judge.* Judgment entered 24 June 1975 in Superior Court, ONSLOW County. Heard in the Court of Appeals 13 February 1976.

Defendant was charged by warrant with second offense driving under the influence of intoxicating liquor. Convicted in the District Court, defendant appealed to the Superior Court

where the jury returned a verdict of guilty as charged. From judgment sentencing him to a term of imprisonment, defendant appealed.

Other facts necessary for decision are cited below.

*Attorney General Edmisten, by Associate Attorney Noel Lee Allen, for the State.*

*Edward G. Bailey for defendant appellant.*

MORRIS, Judge.

Defendant contends that the trial court erred in failing to instruct the jury that it could return a verdict of the lesser included offense of reckless driving. We disagree.

When the investigating officer, E. D. Ratliff, observed the wreck between defendant's truck and a Cadillac, he immediately investigated the accident scene and noted that he " . . . smelled an odor of alcohol coming from around the truck area . . . [and] noticed that he [i.e. the defendant] had an extreme odor of alcohol on him. As he was trying to give me his license he had to lean up against the side of the truck and he was unable to stand on his own. . . . His eyes were extremely bloodshot. He had a flushed face and his ears were reddish color and he was unsteady on his feet. . . . He couldn't talk plain, he mumbled and stuttered."

The officer further testified that on the date of the arrest he was working on the late shift and recalled seeing the defendant. "He was driving a 1967 Chevrolet van truck. The truck was heading in an easterly direction from Jacksonville towards Camp Lejeune making a left turn onto Western Boulevard. I saw a collision and I ran out there to the vehicles to see if there were any injuries. It looked like the Cadillac swerved out of control. It looked like it could have been a right bad accident so I went out there as fast as I could. It was approximately 150 feet from the restaurant to the intersection. Mr. Pate was under the wheel when I arrived at the scene of the accident. The motor was still running at the time that I got there. There was no one else in the vehicle."

G.S. 20-140(c) provides:

"Any person who operates a motor vehicle upon a highway or public vehicular area after consuming such quantity of

intoxicating liquor as directly and visibility affects his operation of said vehicle shall be guilty of reckless driving and such offense shall be a lesser included offense of driving under the influence of intoxicating liquor as defined in G.S. 20-138 as amended."

The record in this case is devoid of any evidence tending to show that defendant's consumption of intoxicating liquor directly and visibly affected his operation of his motor vehicle immediately prior to his arrest for driving under the influence. Under the circumstances of this case, we think the trial judge correctly omitted from his charge to the jury instructions with respect to reckless driving.

No error.

Judges VAUGHN and CLARK concur.