STATE OF NORTH CAROLINA v. WALTER SPEIGHT BURRUS

No. 761SC17

(Filed 21 July 1976)

Automobiles § 129— driving under the influence — lesser included offense of reckless driving — failure to instruct — error

In a prosecution for driving under the influence of intoxicating liquor where the evidence was sufficient to show that defendant operated a motor vehicle upon a highway after consuming such quantity of intoxicating liquor as directly and visibly affected the operation of said vehicle, the trial court erred in failing to instruct the jury that they could find defendant guilty of the lesser included offense of reckless driving as defined in G.S. 20-140(c).

APPEAL by defendant from *Small, Judge.* Judgment entered 15 October 1975 in Superior Court, CAMDEN County. Heard in the Court of Appeals 15 April 1976.

Defendant was charged by warrant with driving under the influence of intoxicating liquor. Evidence for the State tended to show that on the night of 1 May 1975 Patrolman J. C. Strickland was driving on U. S. Highway 158. At a particular point on the highway he observed a number of large orange warning barrels, which were standing in place and served to block off a construction area. One side of a two section bridge was closed to traffic and barricaded by the barrels. Strickland returned to the area shortly after midnight and observed that three of the 50-gallon barrels had been knocked over and that a Corvette

was stopped on the shoulder of the highway with a barrel caught under the front of the vehicle. The rear of the vehicle was resting on the highway. Defendant was slumped over the steering wheel of the car. Strickland attempted to arouse defendant by knocking on the car window and the top of the car. When defendant did not respond, Strickland opened the door and shook defendant, finally awakening him. Defendant had poor balance, slurred speech and a strong odor of an intoxicating beverage on his breath. Strickland arrested defendant and took him to the Tri-County jail in Elizabeth City and requested that he take a breathalyzer test. Defendant refused to take the test. Strickland did have defendant perform a series of coordination and agility tests, the results of which revealed poor balance. These results and defendant's physical symptoms, combined with Strickland's previous observations of defendant at the scene of the accident, led Strickland to conclude that defendant was under the influence of an intoxicating beverage.

Defendant testified and recounted his actions during the day of 1 May. He testified that he took medication for his heart condition that morning, went to his office in the afternoon, and on the way home from the office drank about half of a beer. He had another beer before dinner, and after dinner left to go back to his office. This was about 9:00 p.m. On the way to the office he encountered severe chest pains and took more heart medication. He stopped at Dunn's gas station and rested, then had a beer with Dunn. That is the last thing defendant remembers until he awoke in jail. Dunn confirmed that defendant had been sick when he stopped at his gas station and that he and defendant drank a beer after defendant felt better. He testified that defendant left after drinking the beer and that in his opinion defendant was not under the influence.

From a verdict of guilty and judgment entered thereon, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Twiford, Abbott, Seawell, Trimpi & Thompson, by O. C. Abbott and John G. Trimpi, for defendant.*

MARTIN, Judge.

Defendant was found guilty of driving under the influence of intoxicating liquor, a violation of G.S. 20-138. Among his

assignments of error defendant contends that, while the court did instruct the jury upon the charge of driving under the influence, the court erred by not instructing the jury that they could find defendant guilty of the lesser included offense of reckless driving as defined in G.S. 20-140 (c).

G.S. 20-140 (c) provides that

"Any person who operates a motor vehicle upon a highway or public vehicular area after consuming such quantity of intoxicating liquor as directly and visibly affects his operation of said vehicle shall be guilty of reckless driving and such offense shall be a lesser included offense of driving under the influence of intoxicating liquor as defined in G.S. 20-138 as amended."

The terms of this provision make clear the intent of the Legislature that the offense therein described shall be a lesser included offense of driving under the influence of intoxicating liquor. It is the duty of the court to apply the statute in a manner to effectuate the intent of the Legislature, irrespective of any opinion as to its wisdom, unless the statute exceeds the power of the Legislature under the Constitution. See *Peele v. Finch*, 284 N.C. 375, 200 S.E. 2d 635 (1973).

In the case at bar the testimony that defendant was under the influence of intoxicating liquor when Patrolman Strickland saw him, evidence of defendant's physical and mental condition, and the physical facts at the scene of the accident provide evidence indicating that defendant operated a motor vehicle upon a highway after consuming such quantity of intoxicating liquor as directly and visibly affected the operation of said vehicle, thereby satisfying the requisite elements of G.S. 20-140 (c). This, combined with the legislative mandate that such offense is a lesser included offense of driving under the influence of intoxicating liquor as defined in G.S. 20-138, requires us to find that the trial court should have instructed the jury that they could find defendant guilty of the lesser included offense of reckless driving as defined in G.S. 20-140 (c). Because of this error in the instructions to the jury, the decision of the trial court is reversed and a new trial is ordered.

We do not discuss defendant's remaining assignments of error since the questions may not recur upon a new trial.

New trial.

Judges MORRIS and PARKER concur.