STATE OF NORTH CAROLINA v. WILLIE SNEAD, JR.

No. 7711SC847

(Filed 4 April 1978)

1. **Automobiles § 126.5— driving under the influence— statements by defendant— evidence withdrawn— no prejudice**

    Defendant was not prejudiced where the trial court erroneously admitted defendant's answers to an officer's questions in the course of the officer's completing an accident identification report at the police station, since that testimony was admitted during the morning and the court, following a lunch

State v. Snead

recess, withdrew the testimony from the jury's consideration; the evidence which was properly before the jury was sufficient to sustain the verdict; and the mind of the average juror would not find the State's case significantly less persuasive had the later withdrawn testimony never been admitted.

**2. Automobiles § 129— driving under the influence—no instruction on reckless driving—no error**

In a prosecution for driving under the influence of intoxicating liquor, the trial court did not err in failing to instruct on the lesser included offense of reckless driving, since there was no evidence to support such a charge. G.S. 20-140(c).

**3. Automobiles § 127.1— driving under the influence—sufficiency of evidence**

Evidence was sufficient for the jury in a prosecution for driving under the influence of intoxicating liquor where it tended to show that defendant was involved in a one-car accident; defendant told the investigating officer that he was driving the car; the officer detected the odor of alcohol about defendant; and a breathalyzer test administered to defendant resulted in a reading of .21.

Judge VAUGHN dissenting.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 16 May 1977 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 6 February 1978.

Defendant was convicted of driving under the influence of intoxicating liquor and given a suspended sentence. At the trial, the State's evidence tended to show that: the investigating officer arrived at the scene of a one-car accident at about 6:25 p.m. on 24 October 1976; he asked who had been driving the car, and defendant replied that he had been; the officer detected a slight odor of alcohol and asked defendant to get into his patrol car; and after completing his field investigation, the officer returned to his car, noticed a strong odor of alcohol, and arrested defendant for driving under the influence, warning him of his *Miranda* rights.

The evidence further showed that the officer took defendant to the police station and administered certain balance tests, and defendant had difficulty performing them and that defendant was not again advised of his *Miranda* rights at the station. A voir dire was held, and the trial court ruled that defendant's answers to questions put to him at the station were admissible. The answers tended to show that he was somewhat confused, that he had consumed two beers before the accident, and that by his own admission, he "could be" under the influence. Following a lunch recess,

the trial court changed its ruling and instructed the jury as follows:

"Members of the jury, before lunch, the witness, Sykes, was allowed to testify that the Defendant made certain answers to questions put to him at the Breathalyzer Room in the Smithfield Police Department building. I have now ruled that that was error and that the evidence respecting the Defendant's answers to the questions put to him at that time by Officer Sykes was not properly admissible. I now direct you to disregard all of the testimony of Officer Sykes relating to answers given him at the Smithfield Police Department by the Defendant, to put entirely out of your mind any responses made by the Defendant to any questions there put to him by Officer Sykes, and to allow none of his answers to be considered by you, or to have any effect upon your deliberations and verdict. . . ."

The State also presented the testimony of the officer who had administered the breathalyzer test to defendant, the results being a reading of .21.

*Attorney General Edmisten, by Associate Attorney David Roy Blackwell and Assistant Attorney General Isaac T. Avery III, for the State.*

*James E. Floors and James W. Narron, for defendant appellant.*

ERWIN, Judge.

[1] Defendant first contends that the admission of his answers to the officer's questions in the course of completing an accident identification report at the police station were erroneously admitted. The trial court first allowed such testimony, but following the lunch recess, it reversed its ruling and instructed the jury as set forth above. Thus, we need only address the second aspect of defendant's argument, namely that the instruction was insufficient to cure the error. Unless the evidence is obviously prejudicial, particularly if repeated or allowed to remain before the jury for an unduly long period, erroneously admitted evidence which is later excluded and the jury instructed to disregard it will ordinarily be found to be harmless error. 1 Stansbury's North

Carolina Evidence, § 28 (Brandis Revision 1973). The law will presume that the jury followed the judge's instructions. *State v. Long*, 280 N.C. 633, 187 S.E. 2d 47 (1972). Our impression of the record is that the interval during which the erroneously admitted evidence was before the jury was not unduly long and that there were no subsequent events at the trial which tended to re-emphasize the testimony. *See State v. Crowder*, 285 N.C. 42, 203 S.E. 2d 38 (1974), *modified on other grounds*, 428 U.S. 903, 49 L.Ed. 2d 1207, 96 S.Ct. 3205 (1976). Further, the cases indicate that when this issue is before us, we should examine the nature of the evidence and its probable influence upon jurors' minds in reaching their verdict. *State v. Crowder, supra.* Here we find that the evidence properly before the jury was sufficient to sustain the verdict. The mind of the average juror would not find the State's case significantly less persuasive had the later withdrawn testimony never been admitted. *See Schneble v. Florida*, 405 U.S. 427, 31 L.Ed. 2d 340, 92 S.Ct. 1056 (1972).

[2]　Defendant next assigns error to the trial court's failure to instruct the jury on N.C. G.S. 20-140(c), which states:

> "Any person who operates a motor vehicle upon a highway or public vehicular area after consuming such quantity of intoxicating liquor as directly and visibly affects his operation of said vehicle shall be guilty of reckless driving and such offense shall be a lesser included offense of driving under the influence of intoxicating liquor as defined in G.S. 20-138 as amended."

Our inquiry into this assignment must be: Was there any evidence here which tended to show that defendant's consumption of intoxicating liquor "directly and visibly" affected his operation of his motor vehicle? Put differently, was there sufficient evidence to sustain a verdict of defendant's guilt of having violated G.S. 20-140(c)? *See* 4 N.C. Index 3d, Criminal Law § 115; *State v. Pate*, 29 N.C. App. 35, 222 S.E. 2d 741 (1976). We hold that there was not such evidence, and the trial court properly refused to instruct the jury on reckless driving. Defendant cites *State v. Burrus*, 30 N.C. App. 250, 226 S.E. 2d 677 (1976), in support of this assignment. In that case, however, the physical facts at the accident scene provided strong evidence of a violation of G.S. 20-140(c), defendant having been found by the officer slumped over the

steering wheel with a highway warning barrel under the front of the car, three barrels having been knocked over. Here such strong physical evidence is not present; in fact, defendant told the officer that he had had to swerve to avoid another car.

[3] Defendant's final assignment of error is that the trial court erred in denying his motions for judgment as of nonsuit and to set aside the jury's verdict as being against the weight of the evidence. It is well settled that on motion for nonsuit, all evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference deducible thereform. When there is sufficient evidence, direct or circumstantial, by which the jury could find the defendant had committed the offense charged, then the motion should be denied. *See State v. Hunter*, 290 N.C. 556, 227 S.E. 2d 535 (1976), *cert. denied*, 429 U.S. 1093, 51 L.Ed. 2d 539, 97 S.Ct. 1106 (1977); *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976); 4 N.C. Index 3d, Criminal Law § 106.2.

The record does not reveal how long prior to the officer's arrival the accident had occurred, how long defendant had been at the scene, or when defendant had consumed intoxicating liquor. However, defendant told the officer he had been driving, the officer went to the scene in response to a radio call, and when he arrived, there were several people there. Further, the officer detected the odor of alcohol about defendant, and the breathalyzer test results were .21. There was sufficient evidence from which the jury could logically conclude that defendant was under the influence at the time of the accident. *See State v. Cummings*, 267 N.C. 300, 148 S.E. 2d 97 (1966); *State v. Lindsey*, 264 N.C. 588, 142 S.E. 2d 355 (1965).

In defendant's trial and judgment appealed from, we find

No error.

Judge HEDRICK concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

Sykes, the arresting officer, testified, in part, as follows:

"In my opinion, the Defendant was under the influence at the scene and at the police department, but I don't know what his condition was, if any, at the time the accident occurred."

The officer's candid statement sums up my view of the evidence in this case. There is absolutely no evidence as to when defendant operated the vehicle. The jury could not infer, therefore, that because he was under the influence when seen by the officer that he was under the influence at some indefinite time in the past when he operated the vehicle. Defendant admitted that he had been driving the vehicle but did not say when. Trooper Sykes testified that he went to the scene in response to a radio call and saw a number of people in addition to the defendant. If the officer's investigation and especially his interrogation of these potential witnesses had disclosed any evidence tending to show when defendant was last known to have operated the vehicle, surely the State would have offered that evidence at trial. In *State v. Cummings*, cited by the majority, the engine of defendant's vehicle was still hot when the officers arrived. The radiator was leaking, and the officers followed a trail of water from the point of impact to defendant's vehicle. The Court noted that it was reasonable to believe that "on the busy streets of High Point the trail of water would have been eradicated by other cars in a few minutes." In *State v. Lindsey*, also cited by the majority, defendant was seen operating the vehicle less than one-half hour before officers arrived at the scene of the wreck. In the case at bar, the State has left a gap in the evidence that this Court should not attempt to close. The motion for nonsuit should have been allowed.