STATE OF NORTH CAROLINA v. DENNIS EUGENE DAVIS

No. 7812SC292

(Filed 29 August 1978)

**Automobiles § 129— driving under the influence—failure to instruct on lesser offense of reckless driving**

> In a prosecution for driving under the influence, third offense, the trial court erred in failing to instruct the jury concerning the lesser included statutory offense of reckless driving under G.S. 20-140(c), since evidence that defendant had been drinking and that he had been observed driving at an excessive speed with at least half his car over the center line and weaving severely was some evidence from which a jury might find that defendant was driving after consuming "such quantity of intoxicating liquor as directly and visibly affects his operation of said vehicle."

APPEAL by defendant from *McLelland, Judge.* Judgment entered 2 November 1977 in Superior Court, HOKE County. Heard in the Court of Appeals 16 August 1978.

Defendant was tried on a warrant charging him with a third offense of operating a motor vehicle on a public highway while under the influence of intoxicating liquor. Defendant stipulated that he had been convicted of driving under the influence of intoxicating liquor in 1968 and in 1969.

The State offered evidence that defendant was observed by two deputy sheriffs on the night of 31 January 1977 as he drove his car on Rockfish Road in Hoke County. He was speeding and weaving in the road, crossing the center line repeatedly. When the arresting officer approached the car after it was stopped, he found defendant behind the wheel. He had thrown up on himself; his eyes were red; his speech was slurred; and he smelled of alcohol. At the Sheriff's Department, defendant had difficulty with a series of performance tests. He refused to submit to a breathalyzer analysis. Both the arresting officer and the breathalyzer operator were of the opinion that defendant was intoxicated.

. Defendant offered no evidence. He was found guilty of driving while under the influence of intoxicating liquor and was sentenced for a third offense.

*Attorney General Edmisten, by Assistant Attorney General Mary I. Murrill and Deputy Attorney General William W. Melvin, for the State.*

*Willcox & McFadyen, by Duncan B. McFadyen III, for defendant appellant.*

VAUGHN, Judge.

Defendant assigns as error the court's refusal to charge the jury that it might find him guilty of a violation of G.S. 20-140(c). That section provides:

"(c) Any person who operates a motor vehicle upon a highway or public vehicular area after consuming such quantity of intoxicating liquor as directly and visibly affects his operation of said vehicle shall be guilty of reckless driving and such offense shall be a lesser included offense of driving under the influence of intoxicating liquor as defined in G.S. 20-138 as amended."

The application of this statute is illustrated by opinions of this Court in *State v. Burrus*, 30 N.C. App. 250, 226 S.E. 2d 677 (1976) and *State v. Pate*, 29 N.C. App. 35, 222 S.E. 2d 741 (1976). In the *Burrus* case, the driver was found passed out behind the wheel of his car after it had broken through a highway barrier. There was uncontradicted evidence that he had been drinking but the degree of his intoxication was a question for the jury. The Court held that in such a case it was error not to instruct the jury concerning the possible verdict of reckless driving after consuming such quantity of intoxicating liquor as directly and visibly affects the operations of a motor vehicle. In *State v. Pate*, on the other hand, the defendant was found behind the wheel of his truck after an accident. There was evidence that he had been drinking. There was also uncontradicted evidence that the collision occurred when an oncoming car crossed the center line and struck his truck. This Court held that where the record "is devoid of any evidence tending to show that defendant's consumption of intoxicating liquor directly and visibly affected his operation of his motor vehicle immediately prior to his arrest for driving under the influence" the judge correctly omitted instructions with respect to reckless driving. *State v. Pate, supra*, at 37.

In this case defendant, who had obviously been drinking, was observed driving at an excessive speed with at least half the car over the center line at times and weaving severely. This was some evidence from which a jury might find that defendant was driving after consuming "such quantity of intoxicating liquor as directly and visibly affects his operation of said vehicle." The jury should, therefore, have been instructed concerning the statutory offense of reckless driving under G.S. 20-140(c), and the failure of the court to do so was prejudicial error.

New trial.

Judges MARTIN and MITCHELL concur.