STATE OF NORTH CAROLINA v. CLAUDE O. McLAWHORN

No. 793SC481

(Filed 20 November 1979)

1. Constitutional Law § 50— Speedy Trial Act—inapplicability

The Speedy Trial Act which became effective 1 October 1978 was inapplicable where defendant was arrested on 19 August 1978 and tried on 5 September 1978.

2. Criminal Law § 162— breathalyzer test—necessity for objection

Defendant waived any error in admission of the results of a breathalyzer test where he failed to object at trial.

State v. McLawhorn

**3. Criminal Law § 163— instructions—necessity of bringing errors to court's attention**

Errors of the trial court in recapitulating the evidence must be brought to the trial judge's attention in time for correction, or appellate review is waived.

**4. Automobiles §§ 126.6, 129— driving under the influence—driving while license revoked—evidence of prior offenses—no prejudice**

In a prosecution of defendant for driving under the influence, second offense, and driving while his license was revoked, fourth offense, where defendant stipulated to previous convictions for those crimes, the trial court did not err in instructing the jury with respect to defendant's prior convictions, since the harm was in the fact that evidence of the prior convictions was before the jury and not in the instructions concerning them and since the judge properly limited consideration of the prior offenses to impeachment purposes.

**5. Automobiles § 129— driving under the influence—lesser offense—failure to instruct—no error**

In a prosecution of defendant for driving under the influence of intoxicating liquor, second offense, and driving while his license was revoked, fourth offense, the trial court's failure to instruct on operating a vehicle on a public highway when blood alcohol content is .10 percent or more by weight in violation of G.S. 20-138(b) was beneficial to defendant, since the State would not have had to prove that defendant was under the influence of intoxicating liquor in order to obtain a conviction under that statute, and the State was thus put to a greater burden to convict defendant under G.S. 20-138(a); nor did the court err in failing to instruct on reckless driving pursuant to G.S. 20-140(c), since the evidence did not show defendant's consumption of intoxicating liquor directly and visibly affected his operation of his vehicle.

**6. Criminal Law § 119— oral request for instructions—timeliness**

The trial court could properly refuse to give an instruction on the definition of proof beyond a reasonable doubt where defendant's request therefor was neither timely nor in writing.

**7. Automobiles § 127.2— driving under the influence—defendant as driver—sufficiency of evidence**

In a prosecution of defendant for driving under the influence, second offense, and driving while his license was revoked, fourth offense, evidence was sufficient for the jury to consider whether defendant was driving the vehicle in question where it consisted of testimony by the arresting officer that he stopped the truck and observed a female on the right-hand side in the cab of the truck; as he approached the truck, he heard a shuffling noise and, on reaching the truck, observed the woman on the left side under the steering wheel; defendant was on the right side where the woman had been; and no other persons were in the vehicle.

APPEAL by defendant from *Cowper, Judge.* Judgment entered 10 January 1979 in Superior Court, PITT County. Heard in the Court of Appeals 27 September 1979.

Defendant was placed on trial for driving under the influence of intoxicating liquor, second offense, and driving while his license was revoked, fourth offense.

The evidence tends to show the following. On 19 August 1978, defendant and a female were traveling in defendant's truck on Highway 264 near Greenville at a speed of 70 m.p.h. in a 55 m.p.h. zone. The speeding truck was stopped by a highway patrolman. As the patrolman walked toward the truck, he shined his flashlight in the rear window of the truck and observed the female sitting on the right-hand side looking back at him. He heard a shuffling noise as he drew nearer the cab and, upon reaching the truck door, found the female on the left under the steering wheel. Defendant was sitting in the passenger seat. The patrolman, thinking the two people in the truck had switched places, went to the passenger side and asked defendant to step out and produce his operator's license. Defendant produced a Texas operator's license. A records check revealed that defendant's license was revoked in North Carolina. In the opinion of the officer, defendant was under the influence of alcohol. The arresting patrolman and the patrolman who administered a breathalyzer test testified as to defendant's appearance and conduct. He alternated between cooperativeness and stubbornness. He had trouble understanding the instruction for the balance tests as well as trouble with the actual performance of the tests. His eyes were bloodshot, glassy and watery. The results of a breathalyzer test showed defendant's blood alcohol content to be 0.11 percent.

Defendant and the woman with him testified they had not switched places and that defendant was not the driver that evening. He was found guilty as charged and judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Dixon and Horne, by Phillip R. Dixon, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first assigns as error the trial court's denial of his motion for dismissal under the Speedy Trial Act. G.S. 15A-701 to

-704. He was arrested 19 August 1978 and tried in district court on 5 September 1978, at which time notice of appeal to superior court was given. In enacting the Speedy Trial Act, the Legislature expressly provided "This act shall apply to any person who is arrested . . . on or after October 1, 1978." 1977 N.C. Sess. Laws c. 787, s. 2. Defendant was arrested before this effective date. The Act's provisions, therefore, do not apply.

[2] Defendant's second and third assignments of error deal with the admission of the results of defendant's breathalyzer test. Defendant contends it was error to admit the evidence because the State failed to prove compliance with the statutory requirements for admission of evidence of a chemical analysis and failed to show defendant was advised of his breathalyzer rights set out in G.S. 20-16.2(a). Defendant, however, waived any error by failure to object at trial to the breathalyzer evidence or the lack of proper foundation for such evidence.

[3] The fourth assignment of error involves the trial judge's recapitulation of the evidence. Defendant contends the trial judge misstated some evidence and in one instance stated as a fact something which was not in evidence. The trial judge at one point said the lady with defendant "was seated on the *left* side of the seat, in the passenger side" and at several points referred to defendant by using the last name of the arresting officer which was not defendant's last name. He also misplaced the time of arrest as being when the officer went around to the passenger side of the truck when the officer's testimony was to the effect that he arrested defendant later when they were both seated in the patrol car. These misstatements were not brought to the trial judge's attention. Errors in the restatement of the evidence must be brought to the trial judge's attention in time for correction or appellate review is waived. *State v. Thomas*, 292 N.C. 527, 234 S.E. 2d 615 (1977). These were not substantial errors. When considered in context, a reasonable person could not have been confused.

Defendant also contends no evidence was presented that Ms. Warren was seated on the *right* side of the seat in the passenger side. The arresting officer testified:

"I took my light and shined it in this area that would shine into the cab and I observed a white female. blonde headed,

curly headed (woman) sitting on the right-hand side looking back at me over her shoulder . . . . As I got there, the lady who had been on the right side was then under the steering wheel and the white male . . . was over on the passenger side of the vehicle. . . ."

The trial judge's summary to the effect that Ms. Warren "was seated on the *left* side of the seat, in the passenger side" was in substantial compliance with the trial testimony except for the confusion of left and right. "The law has never required verbatim recitation of the evidence by the court." *State v. Goss*, 293 N.C. 147, 157, 235 S.E. 2d 844, 851 (1977). In any event, the trial judge cautioned the jury to be governed by their own recollection and disregard his summary if there was a conflict.

[4]  In his fifth and sixth assignments of error, defendant argues error in the trial judge's instruction on the law as it applies to the facts of the case. Defendant had stipulated to previous convictions of driving under the influence and driving while license was revoked. This was done by defendant pursuant to G.S. 15A-928 because the offenses he stood charged with — driving under the influence, second offense, and driving while license revoked, fourth offense — were more severe because of the past convictions. The prior convictions were essential elements of the charged crimes. The statute provides:

> "If the defendant admits the previous conviction, that element of the offense charged in the indictment or information is established, no evidence in support thereof may be adduced by the State, and the judge must submit the case to the jury without reference thereto and as if the fact of such previous conviction were not an element of the offense."

G.S. 15A-928(c)(1); *see State v. Smith*, 291 N.C. 438, 230 S.E. 2d 644 (1976). The trial judge, however, instructed the jury that defendant was charged with drunk driving, second offense, and driving while license was revoked, fourth offense. He instructed the jury that the prior convictions were essential elements of the crime of which defendant was to be found either guilty or not guilty and that it was the State's burden to prove beyond a reasonable doubt these prior convictions. Although it was error to so instruct, an error must be prejudicial to warrant a new trial. *State v. Paige*, 272 N.C. 417, 158 S.E. 2d 522 (1968). On the facts

and circumstances of this case, defendant was not harmed by the trial judge's error in the instruction.

The harm was in the fact that evidence of these prior convictions was before the jury and not in the instructions concerning them. The arresting officer testified that defendant, when asked for his license, produced a Texas license. The officer testified he then ran a Police Information Network check and learned defendant's license was revoked in North Carolina. Defendant made no objection to this evidence at trial nor is any exception set out on appeal. Any error is thereby waived. When defendant testified in his own behalf, the prosecutor questioned him concerning prior convictions. He admitted his license was currently in a state of revocation, that he had three previous convictions of driving while his license was revoked and that he had been in court right many times before for drinking and driving. It was not error to cross-examine defendant on these prior convictions for impeachment purposes in spite of the stipulation pursuant to G.S. 15A-928. *State v. Guinn,* 32 N.C. App. 595, 233 S.E. 2d 73 (1977); *see also* G.S. 15A-928(c)(2). The judge charged, "However, if you find that he was previously convicted, and he has so stipulated, you shall not consider such conviction in passing on his guilt or innocence. . . ." This instruction was proper to put the evidence of prior convictions in the proper context of being considered for impeachment purposes only and not as substantive evidence. 1 Stansbury, N.C. Evidence § 112 (Brandis rev. 1973). Because evidence of the prior convictions was before the jury, we see no prejudice to defendant in putting an additional burden on the State to prove beyond a reasonable doubt that defendant was in fact convicted of the same offenses previously.

[5]   In his seventh and eighth assignments of error, defendant argues the jury should have been instructed on the offenses of operating a vehicle on a public highway when blood alcohol content is 0.10 percent or more by weight in violation of G.S. 20-138(b) and the offense of reckless driving in violation of G.S. 20-140(c). He maintains instruction on these crimes was proper as lesser included offenses of the charged offense of driving under the influence, second offense. The trial court could have instructed on driving a vehicle upon a highway within the State when the amount of alcohol in the driver's blood is 0.10 percent or more by weight as provided for in G.S. 20-138(b). "An offense under this

subsection *shall be treated as* a lesser included offense of the offense of driving under the influence." *Id.* (Emphasis added). The wording is not that it *shall be* a lesser included offense but that it "*shall be treated as* a lesser included offense." Thus, the Legislature did not mandate that the offense defined in G.S. 20-138(b) be instructed on everytime there is an offense charged pursuant to G.S. 20-138(a). *See State v. Basinger,* 30 N.C. App. 45, 226 S.E. 2d 216 (1976). Evidence was introduced which indicated that a breathalyzer test revealed 0.11 percent alcohol by blood weight in defendant. Although the instruction could have been given, the omission of the instruction was to defendant's benefit. While driving with 0.10 percent by weight alcohol in the blood is by statute to "be treated as" a lesser included offense of driving under the influence, it, in reality, is not a lesser offense. The effect of G.S. 20-138(b) is to allow the court to impose the punishment it could impose for a conviction under subsection (a) of the same statute without the State having to prove that the defendant was under the influence of intoxicating liquor. For both offenses, the State must prove (1) defendant was driving a vehicle and (2) defendant was driving upon a public highway or public vehicular area within the State. As a third element of G.S. 20-138(a), the State must prove beyond a reasonable doubt defendant was under the influence of intoxicating liquor. For a conviction under subsection (b) the State need only prove that the amount of alcohol in defendant's blood was 0.10 percent or more by weight. The punishment range for both offenses under G.S. 20-138 is identical. *See* G.S. 20-179(a). By not instructing on the latter motor vehicle violation, the trial judge benefited defendant and handicapped the State. The State had the verdict options of only driving under the influence or not guilty. The State was thus put to a greater burden than it would have under G.S. 20-138(b). An error which was not harmful or prejudicial to defendant does not warrant a new trial. *State v. Paige, supra.* There is even less merit to defendant's contention that an instruction pursuant to G.S. 20-140(c) should have been given. That subsection of the reckless driving statute provides:

> "Any person who operates a motor vehicle upon a highway or public vehicular area after consuming such quantity of intoxicating liquor as directly and visibly affects his operation of said vehicle shall be guilty of reckless driving and such of-

State v. McLawhorn

fense shall be a lesser included offense of driving under the influence of intoxicating liquor as defined in G.S. 20-138 as amended."

The evidence does not show defendant's consumption of intoxicating liquor directly and visibly affected his operation of his vehicle. The instruction was correctly omitted. *State v. Davis*, 37 N.C. App. 735, 247 S.E. 2d 14 (1978); *State v. Pate*, 29 N.C. App. 35, 222 S.E. 2d 741 (1976).

[6] Defendant's final assigned error in the jury instruction involves the failure and then refusal of the trial judge to instruct on the definition of proof beyond a reasonable doubt. Defendant orally requested an instruction on reasonable doubt after the judge completed his charge. The court was not required to define the term absent a timely request. *State v. Edwards*, 286 N.C. 140, 209 S.E. 2d 789 (1974). Defendant's request was neither timely nor in writing, and the judge could decline to give the instruction. G.S. 1-181.

[7] Defendant's tenth and eleventh assignments of error involve the sufficiency of the evidence to take the case to the jury. Defendant argues there is no evidence that he was driving. We have set out some of the evidence on this point in our discussion of defendant's fourth assignment of error. The arresting officer testified that on stopping the truck, he observed a female on the right-hand side in the cab of the truck. As he approached the truck, he heard a shuffling noise and, on reaching the truck, observed the woman on the left side under the steering wheel. Defendant was on the right side where the woman had been. No other persons were in the vehicle. This was sufficient evidence for the jury to consider on whether defendant was driving. *State v. Snead*, 295 N.C. 615, 247 S.E. 2d 893 (1978).

We have considered all of defendant's assignments of error and conclude that no error, so prejudicial as to require a new trial, has been shown.

No error.

Judges ERWIN and HILL concur.