State v. Bain

STATE OF NORTH CAROLINA v. MICHAEL ANDREW BAIN

No. 845SC296

(Filed 5 March 1985)

**Automobiles and Other Vehicles § 129— driving under the influence—necessity for instruction on reckless driving after consuming alcohol**

In a prosecution for driving under the influence of intoxicants, the trial court erred in failing to charge on the lesser included offense of careless and reckless driving after consuming alcohol, notwithstanding defendant had taken a breathalyzer test which showed a .19 percent blood alcohol content, where there was evidence that defendant was driving erratically just before he was stopped, and defendant contested the State's evidence that he was under the influence of intoxicants with testimony that he had not swerved while driving, that he had not been given performance tests when stopped, that he had not swayed when standing near his car, that he had not lost his balance, and that if given performance tests, he could have done anything the officer wanted him to do.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 28 November 1983 in Superior Court, PENDER County. Heard in the Court of Appeals 6 December 1984.

On 22 July 1983 defendant was charged with driving under the influence of alcohol and driving 50 miles per hour in a 35 miles per hour zone on highway 210 near Surf City by Trooper J. C. Strickland of the North Carolina Highway Patrol. Trooper Strickland observed defendant cross the center line several times, make turns without turn signals, and fail to make complete stops at red lights before making right turns. On stopping defendant, Trooper Strickland also noticed a strong odor of alcohol coming from him and that he was unsteady on his feet. Defendant was taken to the Surf City Police Department where Sergeant Autry of the North Carolina Highway Patrol administered defendant a breathalyzer test, the result of which was a reading of .19% blood alcohol content. Defendant pleaded not guilty and was tried before a jury on 28 and 29 November of 1983 in Superior Court, Pender County. Defendant, appearing *pro se*, admitted he had been drinking but denied he was under the influence, asserting that he should have been given performance tests, that he could "do anything he [the officer] wanted me to do," that his request for a blood test should have been honored, and that his purpose in requesting the test was to have physical evidence that he was not drunk or driving under the influence. In contesting the State's evidence, defendant denied that he had swerved on the highway, that he had been swaying on his feet or that he had lost his balance. The jury was instructed on the crimes of driving under the influence of alcohol and the lesser included offense of operating a motor vehicle with a blood alcohol content of .10% or more. The jury was also instructed on the charge of exceeding the posted speed limit. The trial court indicated that the lesser charge of reckless driving after drinking could not be submitted as a possible verdict because defendant had taken the breathalyzer test. The jury returned a verdict of guilty of driving under the influence of alcohol and not guilty of exceeding the posted speed limit.

From a judgment imposing a sentence of 6 months imprisonment, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Jane P. Gray, for the State.*

*Beaver, Holt & Richardson by William O. Richardson for the defendant-appellant.*

EAGLES, Judge.

Defendant assigns as error the trial court's failure to charge the jury on the lesser included offense of careless and reckless driving after consuming alcohol. We agree that there was error. G.S. 20-140(c) provides:

> (c) Any person who operates a motor vehicle upon a highway or public vehicle area after consuming such quantity of intoxicating liquor as directly and visibly affects his operation of said vehicle, shall be guilty of reckless driving and such offense shall be a lesser included offense of driving under the influence of intoxicating liquor as defined by G.S. 20-130 as amended.

Where there is evidence from which a jury might find the defendant was driving after consuming enough alcohol to directly and visibly affect his operation of his motor vehicle, the trial court *must* instruct on the statutory offense of reckless driving under G.S. 20-140(c) and the failure to do so is prejudicial error. *State v. Pate*, 29 N.C. App. 35, 222 S.E. 2d 741 (1976); *State v. Burris*, 30 N.C. App. 250, 226 S.E. 2d 677 (1976). Here, the State's own evidence tended to show that the trooper had observed defendant in his car cross the center line two or three times, once almost colliding with the trooper's patrol car. The trooper also reported that defendant, when stopped, appeared unsteady on his feet, had red eyes and had an odor of alcohol about his person.

The trial court failed to give the instruction on the lesser included offense of careless and reckless driving after drinking because the trial court believed that defendant's having already taken the breathalyzer test precluded him from being able to charge on careless and reckless driving after drinking. Under G.S. 20-138(a) the breathalyzer test is merely evidence to be considered in determining whether or not a person was under the influence, is not conclusive evidence as to guilt and does not preclude the jury's consideration of the lesser offense of careless

and reckless driving after drinking where, as here, the driving under the influence charge is controverted by defendant's evidence.

The State maintains that "the court is not required to submit to the jury the question of defendant's guilt of a lesser degree of the crime charged . . . when the State's evidence is positive as to each and every element of the charged crime." *State v. Snead,* 295 N.C. 615, 247 S.E. 2d 893 (1978). The facts in *State v. Snead, supra,* however, differ markedly from the present case. In *Snead* the arresting officer came upon the defendant who was milling around his wrecked car. There was no direct evidence that the officer had *observed* the defendant *driving recklessly* after consuming enough liquor to impair his ability to operate his car. In *Snead,* there was no doubt as to his being under the influence of intoxicants at the time of his arrest. Here, the officer observed and testified to defendant's erratic driving just before he was stopped but defendant contested the allegation that he was under the influence of intoxicants.

Justice Bobbitt (later Chief Justice) in *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954) in discussing the need to charge on common law robbery in an armed robbery case, noted:

The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged.

*Id.* at 159, 84 S.E. 2d at 547.

Here, while there was sufficient evidence for a jury to find that defendant was operating his motor vehicle recklessly after consuming alcoholic beverages, the issue of defendant being under the influence of intoxicants was disputed with evidence on both sides. Defendant contested the State's evidence of his intoxication with testimony that he had not swerved while driving, that he had not been given performance tests when stopped, that he had not swayed when standing near his car, that he had not

lost his balance, and that if given performance tests he could have done anything the officer wanted him to do. While the State's evidence shows erratic driving and intoxication proven by breathalyzer test results, a jury could have found, based on defendant's evidence, that defendant was guilty of no more than careless and reckless driving after drinking and should have been permitted to consider that possible verdict. Justice Bobbitt stated the rule:

> True, in such cases the State may contend solely for conviction . . . and the defendant may contend solely for complete acquittal, but the trial judge, when there is evidence tending to support a verdict of guilty of an included crime of lesser degree than that charged must instruct the jury that it is permissible for them to reach such a verdict if it accords with their findings.

*State v. Hicks, supra* at 160, 84 S.E. 2d at 548.

The court's failure to instruct the jury on the lesser included offense of careless and reckless driving after drinking under these circumstances was reversible error.

Our disposition of this case makes it unnecessary to consider defendant's remaining assignments of error.

New trial.

Chief Judge HEDRICK and Judge WHICHARD concur.