STATE OF NORTH CAROLINA v. RICHARD CUMMINGS.

(Filed 11 May, 1966.)

**1. Criminal Law § 41—**

Circumstantial evidence, which is evidence of facts from which other matters may be fairly and sensibly deduced, is competent and is highly satisfactory in matters of gravest moment.

**2. Automobiles § 72—**

Circumstantial evidence tending to show that defendant's vehicle was the one involved in a collision with another car, that a trail of water was followed from the collision to defendant's car which was stalled with its radiator damaged and the motor hot, that defendant was then intoxicated and admitted that he had been driving, is sufficient to be submitted to the jury on the question of whether defendant was also intoxicated at the time of the collision.

**3. Criminal Law § 55—**

The results of a Breathalyzer test are properly admitted in evidence upon a showing that the defendant voluntarily submitted to the test and that the test was made in compliance with G.S. 20-139.1.

MOORE, J., not sitting.

APPEAL by the defendant from *Mintz, J.,* February 7, 1966, Criminal Session, Superior Court of GUILFORD County, High Point Division.

The defendant was charged in High Point Municipal Court in a warrant with the offense of driving a motor vehicle upon the public highway under the influence of intoxicants, in violation of G.S. 20-138. Upon his conviction, he appealed to the Superior Court of Guilford County where, upon a new trial, the jury returned a verdict of guilty. Judgment was pronounced and the defendant appealed.

The State's evidence tended to show that Officer L. E. Miller of the High Point Police Department received a radio call and within three to five minutes thereafter arrived at the intersection of English and Whittier Streets. There he saw an automobile on the right-hand side of the road, headed East on English, which had been damaged on its left-front side. A woman, who was injured, was sitting in the car and the officer, after talking with the driver of it, followed a trail of water which commenced at the damaged car to Ward Street, where he came upon an old model black Ford sitting in the street. The car belonged to the defendant and was badly damaged on its left front, the radiator ruptured, and the motor was still hot. It was not running and would not run. The defendant admitted to Miller that he was driving the vehicle and had been in a wreck; that someone had struck him in the rear. There was no damage to

the rear of the car, all of it being on the left front about the radiator. The black Ford had some blue or bluish color paint on it which resembled the bluish color of the other car.

The officer testified that he saw the defendant walk, detected an odor of alcohol on his breath, and that he was, in his opinion, under the influence of alcohol and was intoxicated. Thereupon, the defendant was taken to the Police Station where, some five or ten minutes later, he was given the Breathalyzer test by Captain Joseph D. Wade. Before being permitted to testify, Officer Wade was questioned preliminarily and his answers tended to show that the tests were made in compliance with G.S. 20-139.1 and the regulations of the State Board of Health as set forth in that statute. He is a graduate of the State Board of Health School on Breathalyzer work and is duly certified as an operator by the Board. He testified in effect that he administered the test to the defendant after the latter had volunteered to take it. This was about twenty minutes after the defendant was arrested. He was given a copy of the results which showed .14 of 1.00 of blood alcohol content.

At the close of the State's evidence, the defendant moved for judgment as of nonsuit which was overruled and the defendant rested and renewed his motion, which was again denied. Upon a verdict of guilty and judgment thereon, the defendant appealed.

*T. W. Bruton, Attorney General and Bernard A. Harrell, Assistant Attorney General, for the State.*

*Morgan, Byerly, Post & Keziah by W. B. Byerly, Jr., Attorneys for defendant appellant.*

PLESS, J.  The State's evidence impressively shows that the defendant operated a motor vehicle upon the streets of the City of High Point *and* that he was intoxicated. The defendant complains that it doesn't directly show that he drove *while* he was intoxicated. His position is well taken unless the evidence will reasonably and logically sustain such a finding. Here, the State relies upon circumstantial evidence, which, as has been said is "merely direct evidence indirectly applied." It is evidence of facts from which other facts may be fairly and sensibly deduced. It has long been the law in our state that circumstantial evidence may be used, and is highly satisfactory in matters of gravest moment, *S. v. Lowther,* 265 N.C. 315, 144 S.E. 2d 64, and at least twenty earlier cases, cited there.

From the evidence there can be little doubt that the defendant's car collided with the one on English Street. Although the defendant said he had been hit from the rear he admitted a collision. His radiator was leaking and the officer had followed a trail of water

from the scene of collision to the point where he found the defendant and his car. It was hot, stopped, and wouldn't run. And with a bluish paint on it that resembled the bluish paint of the other car. A jury could very reasonably believe that on the busy streets of High Point the trail of water would have been eradicated by other cars in a few minutes; that a car isn't still hot when it has been stopped for an appreciable time; and further, that a driver who admits he had had two beers (as defendant admitted) and has a collision isn't likely to hurry off for more intoxicants to make his condition more noticeable and his breath more "odoriferous." The jury was fully justified in finding that the defendant, when seen by the officer, and later tested by the Breathalyzer, was, if anything, less intoxicated than at the time of the collision.

The defendant's objections to the results of the Breathalyzer Test are not sustained and in the remainder of the trial, we find

No error.

MOORE, J., not sitting.