STATE *v.* ERNEST CHARLES BATTLE, JAMES BELL, JR., YOHANNES HAILE MARIAM, ALIAS HAROLD WESLEY JONES, ROOSEVELT WALLACE.

(Filed 20 January, 1967.)

**1. Criminal Law §§ 34, 91—**

Where the unresponsive answer of a witness on cross-examination refers to defendant's parole or probation officer, but the court immediately instructs the witness not to go into that matter, the court's direct and positive correction of the improper reference to the parole or probation officer cures the error.

**2. Criminal Law § 83—**

Where the place at which defendant was employed is relevant because at the time of his arrest he was wearing a uniform of his employer, it is competent for the State to show that defendant had made contradictory statements as to where he lived and where he worked.

APPEAL by defendant Wallace from *Johnson, J.,* March, 1966 Regular Session, ROBESON Superior Court.

All defendants named in the caption were indicted, tried, convicted, and sentenced to prison terms upon a bill of indictment charging (1) the felonious formation of a conspiracy to break and enter the storehouse of M. H. McLean, Jr., in Lumberton for the purpose of committing a felony, to-wit: larceny; (2) the felonious commission of the substantive offense of breaking and entering the McLean storehouse.

The defendants, Bell and Mariam (alias Jones) prosecuted their appeals before this Court at the Spring Term, 1966. Decision finding no error in the trial is reported in 267 N.C. 513. The Attorney General and counsel for Defendant Wallace stipulate the facts stated in the former opinion are correct. However, the present appellant presents two additional assignments of error (not raised on the former appeal) which he insists should warrant a new trial as to him.

*T. W. Bruton, Attorney General, Wilson D. Partin, Jr., Staff Attorney for the State.*

*J. H. Barrington, Jr., for defendant Wallace, appellant.*

PER CURIAM. During the cross-examination of Officer Lovette, appellant's counsel asked this question: "When did you talk to him (Wallace) the last time?" Answer: "It was in the presence of the Parole or Probation Officer, one or the other." Without waiting for objection or motion to strike, the court said: "Don't go into that Mr. Lovette." The record states this constitutes appellant's Exception No. 5. However, the court apparently beat the defense

counsel to the punch, instructing the officer not to go further afield. Conceding the reference to parole or probation officer was improper, nevertheless the court's direct and positive correction without waiting for objection or motion to strike could have been understood by the jury only as disapproval of the officer's gratuitous remark and that the officer was off limits in making it.

The defendant's other objection was to the court's permitting the State in rebuttal to show that the appellant made contradictory statements as to where he lived and where he worked. The evidence disclosed that one time he stated he lived in Lumberton and worked in Fayetteville. At another time he stated he lived in Raleigh and worked at an Esso station. The contradictory statements were clearly admissible. There was plenary evidence that Wallace was in Raleigh and rented the U-Haul there a few hours before the arrest in Lumberton. At the time of his arrest, he was wearing an Esso uniform. Another Esso uniform with similar laundry markings was found in the Buick near the McLean Storehouse in which Battle was arrested. Bell and Mariam were in the Buick pretending to be asleep.

All other questions arising on the appeal are discussed and disposed of in the former decision. In the trial and judgment, we find

No error.