STATE OF NORTH CAROLINA v. JAMES THOMAS SMITH

No. 6910SC194

(Filed 23 July 1969)

Criminal Law §§ 34, 170— defendant's guilt of other crimes — evidence — prejudicial error

Trial court did not err in failing to instruct the jury not to consider non-responsive answer of State's witness that he saw defendant being tried in city court, defendant's character not being in issue at the time, where trial judge immediately sustained defendant's objection after the solicitor had admonished the witness, and where defendant made no motion to strike nor did he request an instruction to the jury.

APPEAL by defendant from *McKinnon, J.,* at the Regular 2 December 1968 Criminal Session of WAKE Superior Court.

Defendant was tried on a bill of indictment containing two counts, one charging him with the crime of forgery and the other charging him with the crime of uttering a forged instrument. He pleaded not guilty, and was found guilty by the jury on the charge of uttering a forged instrument. The court directed a verdict of not guilty on the count of forgery. From judgment imposing prison sentence upon the verdict of guilty to the charge of uttering a forged instrument, defendant appeals.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, and Staff Attorney. Thomas B. Wood for the State.*

*Stanley L. Seligson for defendant appellant.*

PARKER, J.

The sole assignment of error brought forward in defendant's brief relates to the following incident which occurred during the course of the trial: While evidence for the State was being presented, the assistant solicitor asked a question of one of the State's witnesses. The witness made a non-responsive answer in stating: "And at that time, I saw him (referring to the defendant) in the courtroom being tried in the City courtroom." The defendant objected. Immediately thereafter the assistant solicitor admonished the witness, "Don't tell that," whereupon the court sustained the objection. The sole assignment of error is that the court erred in failing to go forward to instruct the jury not to consider this evidence as to character, for the reason that the defendant, not having himself testified, the character of defendant was not before the jury at that time. There is no merit in this assignment of error.

> "It is well settled in this jurisdiction that defendant's objection should have been accompanied by a motion to strike the objectionable statement from the record if he deemed it incompetent and prejudicial. If he desired to do so, he should have requested an instruction to the effect that the jury should not consider it as evidence." *State v. Gooding,* 196 N.C. 710, 146 S.E. 806.

In the present case, defendant made no motion to strike nor did he request an instruction to the jury.

The situation presented by this case is similar to that which was presented in the case of *State v. Battle,* 269 N.C. 292, 152 S.E. 2d 191, in which the court, even before objection could be made by defendant, admonished the State's witness not to testify concerning his

having seen defendant in the presence of the probation officer. In that case, the Supreme Court of North Carolina in a *per curiam* decision said:

"Conceding the reference to parole or probation officer was improper, nevertheless the court's direct and positive correction without waiting for objection or motion to strike could have been understood by the jury only as disapproval of the officer's gratuitous remark and that the officer was off limits in making it." *State v. Battle, supra.*

In the present case it was the assistant solicitor, rather than the trial judge, who admonished the witness not to go into the forbidden matters. When the trial judge immediately thereafter sustained defendant's objection he, in effect, affirmed the warning which had been given by the assistant solicitor and this action on his part could only have been understood by the jury as disapproval of the witness's gratuitous remark in this case fully as much as if the trial judge had himself admonished the witness.

No prejudicial error has been made to appear, and in the trial and judgment, we find

No error.

MALLARD, C.J., and BRITT, J., concur.