STATE OF NORTH CAROLINA v. JOHN ALLEN PENNY

No. 7210SC835

(Filed 20 December 1972)

Criminal Law § 34— defendant's guilt of other offense — prejudicial testimony — correction of error

    Defendant's motion for mistrial in a drunken driving case based on allegedly improper and prejudicial testimony by the arresting officer as to defendant's prior convictions was properly denied, particularly in view of the court's prompt admonition to the jury to disregard the testimony.

APPEAL by defendant from *Copeland, Judge,* at the 5 June 1972 Special Criminal Session of WAKE Superior Court.

By warrant proper in form defendant was charged with operating a vehicle on the highways of this State while under the influence of intoxicating liquor. From a verdict of guilty and judgment imposed thereon in district court, defendant appealed to superior court where he was found guilty by a jury and from judgment imposed on that verdict, he appealed to this court.

*Attorney General Robert Morgan by Thomas B. Wood, Assistant Attorney General, for the State.*

*Tharrington & Smith by Roger W. Smith for defendant appellant.*

BRITT, Judge.

Defendant's first assignment of error is to the failure of the trial judge to grant his motion for a mistrial based on allegedly improper and prejudicial testimony by the arresting officer. The record reveals:

    "I (Officer McLeod) went back to Mr. Penny where he and I had a conversation about this was going to be his driver's license because he had just been tried—

    MR. CHURCHILL: OBJECTION.

A. —on a case in Hillsborough.

    COURT: SUSTAINED.

    MR. CHURCHILL: I move for a mistrial.

COURT: MOTION FOR A MISTRIAL DENIED. Do not consider the statement that the witness just made. Has nothing to do with the case."

The incident complained of occurred while the witness was providing rebuttal testimony for the State. Defendant had theretofore testified as a witness for himself and had stated: "I have one ticket for 70 in a 60 and one for 68 in a 60 and one careless and reckless in April, 1970. . . . I have not been convicted of any offense since March 28, 1971."

We do not think defendant was prejudiced by the incident, particularly in view of the court's admonition to the jury. See *State v. Battle,* 269 N.C. 292, 152 S.E. 2d 191 (1967); also, *State v. Smith,* 5 N.C. App. 505, 168 S.E. 2d 494 (1969). The assignment of error is overruled.

Defendant assigns as error a portion of the jury charge explaining "reasonable doubt." We have carefully considered this assignment but conclude that it too is without merit.

We hold that defendant had a fair trial, free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.