·STATE OF NORTH CAROLINA v. WILLIE SNEAD, JR.

No. 19

(Filed 17 October 1978)

1. Automobiles § 127.1— driving under the influence—sufficiency of circumstantial evidence

In a prosecution for driving under the influence, circumstantial evidence was sufficient to permit a reasonable inference that defendant was intoxicated at the time of an accident where such evidence tended to show that a patrolman went to the scene of the accident in response to a call over the radio in his patrol car; when he arrived on the scene, he found defendant's car  .

in a ditch and several people milling around the automobile; defendant admitted that he was driving and that he had wrecked the car; a fellow passenger had just been taken to the hospital; the accident occurred on a rural paved road, and the officer had to appoint a bystander to direct traffic around the accident; and the patrolman thought defendant was intoxicated at the time of his arrival and had his suspicions confirmed by a subsequent breathalyzer test.

2. **Criminal Law § 96— defendant's statement—no waiver of counsel shown— evidence withdrawn—admission not prejudicial error**

Though the trial court in a prosecution for driving under the influence erred in allowing into evidence statements made by defendant without a prior showing that he waived his right to counsel at the interrogation, defendant was not prejudiced in the light of the judge's extensive instructions to the jury that they disregard the incompetent evidence, the fact that such evidence was limited in scope and was not repeated or re-emphasized before the jury, the relatively prompt withdrawal of the evidence from the jury's consideration, and the substantiality of other competent evidence indicating defendant's intoxication at the time of the accident.

3. **Automobiles § 129— driving under the influence—lesser offense of reckless driving—no instruction required**

Where the State's evidence was positive as to each and every element of operating a motor vehicle under the influence of intoxicating liquor, and there was no conflicting evidence presented which might support a charge on the lesser offense of reckless driving provided for in G.S. 20-140(c), the trial court correctly refused to submit the requested instructions with respect to reckless driving.

APPEAL by defendant, pursuant to G.S. 7A-30(2), of the decision of the Court of Appeals, which affirmed the verdict and judgment entered after jury trial before *McLelland, J.*, at the 16 May 1977 Session of JOHNSTON Superior Court.

The defendant was charged by warrant with the offense of unlawfully and willfully operating a motor vehicle while under the influence of intoxicating liquor. The arresting officer, Patrolman W. M. Sykes, testified that he went to the scene of an accident in response to a radio message. Several people were milling around a wrecked 1965 Oldsmobile when he arrived. The defendant admitted to the officer that he was driving the wrecked vehicle, and explained that he had swerved to avoid colliding with another vehicle. A passenger in defendant's vehicle had been injured and carried to the hospital. Officer Sykes detected alcohol on defendant's breath and told defendant to get into the patrol car. After conducting a brief investigation of the scene, Sykes informed defendant that he was under arrest. He read defendant his *Miran-*

*da* rights, and then drove to the Smithfield Police Station. Sykes and defendant engaged in irrelevant conversation en route to the station. Sykes testified that defendant's manner of speech was "mush mouthed" and "slurred."

At the station Sykes administered certain coordination tests to defendant, and defendant had difficulty performing all of them. Defendant was very unsteady on his feet and was staggering. Defendant also made a statement to Officer Sykes. Sykes testified that, in his opinion, defendant was under the influence of intoxicating beverages at the time of his arrest.

Patrolman A. J. Renfrow testified that he administered a breathalyzer test to defendant, and that the test indicated .21 of one percent blood alcohol. Officer Renfrow testified that, in his opinion, defendant's mental and physical capacities were appreciably impaired.

The defendant offered no evidence.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Isaac T. Avery, III and Associate Attorney David Roy Blackwell for the State.*

*James E. Floors and James W. Narron for defendant appellant.*

MOORE, Justice.

[1] Defendant assigns as error the denial of his motion for nonsuit at the close of the State's evidence and the denial of his motion to set aside the verdict as against the weight of the evidence. Defendant insists that although there was evidence that defendant was under the influence of some intoxicating beverage at the time of his arrest, there is no evidence as to his condition while driving.

Upon defendant's motion for judgment as of nonsuit in a criminal case, the question for the court is whether there is substantial evidence of each element of the offense charged, or of a lesser offense included therein, and of the defendant's being the perpetrator of such offense. A motion to nonsuit in a criminal prosecution is properly denied if there is any competent evidence to support the allegations of the warrant or bill of indictment,

considering the evidence in the light most favorable to the State, and giving it the benefit of every reasonable inference fairly deducible therefrom. *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974); *State v. Corl*, 250 N.C. 252, 108 S.E. 2d 608 (1959).

Circumstantial evidence, or evidence of facts from which other matters may be fairly and sensibly deduced, is competent evidence, and is properly considered in passing on a motion for nonsuit. *Cf. State v. Cummings*, 267 N.C. 300, 148 S.E. 2d 97 (1966). The test of the sufficiency of the evidence to withstand a motion for nonsuit is the same whether the evidence is circumstantial, direct or both. *State v. McKnight*, 279 N.C. 148, 181 S.E. 2d 415 (1971). When a motion for nonsuit questions the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779 (1972). If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that defendant is guilty. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967).

In present case, Patrolman Sykes testified that he went to the scene of the accident in response to a call over the radio in his patrol car. When he arrived on the scene he found defendant's car in a ditch and several people milling around the automobile. Defendant admitted that he was driving and that he had wrecked the car. A fellow passenger had just been taken to the hospital. The accident occurred on a rural paved road, and the officer had to appoint a bystander to direct traffic on the road around the accident scene. Sykes found defendant to be intoxicated at the time of his arrival, and his suspicions were confirmed by a subsequent breathalyzer reading.

We believe that this circumstantial evidence is sufficient to permit a reasonable inference that defendant was intoxicated at the time of the accident. The presence of a crowd at the scene and the necessity of appointing a bystander to direct traffic would indicate that the road was reasonably well-traveled, and that the accident was of recent origin. Further, as we said in *State v. Cummings*, supra, "a driver who . . . has a collision isn't likely to hurry off for more intoxicants to make his condition more noticeable and his breath more 'odoriferous.'" This would

especially seem to be the case where a fellow passenger has sustained injuries requiring hospitalization. Taking the evidence in the light most favorable to the State, and giving the State the benefit of every reasonable inference fairly deducible therefrom, we are of the opinion, and so hold, that "[t]he jury was fully justified in finding that the defendant, when seen by the officer, and later tested by the Breathalyzer, was, if anything, less intoxicated than at the time of the collision." *State v. Cummings, supra.* Defendant's motion for nonsuit was therefore properly denied.

The motion to set aside the verdict is addressed to the discretion of the trial court and is not reviewable in the absence of abuse of discretion. *State v. McKenzie,* 292 N.C. 170, 232 S.E. 2d 424 (1977); *State v. Lindley,* 286 N.C. 255, 210 S.E. 2d 207 (1974). No abuse appears here. This assignment is overruled.

[2] At the trial the State offered testimony by W. M. Sykes, the arresting officer, concerning a statement made by defendant while in custody. A *voir dire* hearing was held concerning this statement, and the trial judge ruled that evidence of the statement was admissible. The officer then testified before the jury that he had asked defendant certain questions contained on an A.I.R. form. In response to the questions defendant had indicated that he did not know what highway he was on when the accident occurred, that he did not know the time when he started driving, that he had drunk two beers, and that he "could be" under the influence of alcohol. To a question concerning whether he had had any alcoholic beverages since the accident, defendant had answered "No."

Officer Sykes then stepped down and the court recessed for lunch. When the court reconvened counsel for defense moved that defendant's statement to Officer Sykes be suppressed on grounds that the State did not show that defendant had waived his right to counsel at the interrogation. Defense counsel also moved for a mistrial. The motion for a mistrial was denied, but the motion to suppress was allowed. The trial judge then instructed the jury that he had committed error in permitting Officer Sykes to testify concerning the confession. The jurors were directed to disregard this testimony, to put it entirely out of their minds, and to allow none of the answers to affect their deliberations and verdict.

Defendant now argues that this, or any, instruction was not sufficient to undo the damage done, and that the trial court erred in not granting his motion for mistrial. Defendant especially contends that, given the (alleged) absence of *other* evidence tending to show that defendant was drinking before the time of the accident and was under the influence at the time of the accident, the effect of the erroneous admittance of defendant's admission that he had not had anything to drink since the time of the accident could not have been cured by correcting instructions, and could only have adversely affected the jury verdict.

We do not agree. If evidence which is erroneously admitted is later excluded by the court, and the jury is instructed to disregard the evidence, ordinarily the error in admitting it will be regarded as harmless. 1 Stansbury, North Carolina Evidence § 28 (Brandis rev. 1973); *State v. Lowery*, 286 N.C. 698, 213 S.E. 2d 255 (1975); *State v. Strickland*, 229 N.C. 201, 49 S.E. 2d 469 (1948).

In *State v. Strickland, supra*, the Court said:

"In appraising the effect of incompetent evidence once admitted and afterwards withdrawn, the Court will look to the nature of the evidence and its probable influence upon the minds of the jury in reaching a verdict. In some instances because of the serious character and gravity of the incompetent evidence and the obvious difficulty in erasing it from the mind, the court has held to the opinion that a subsequent withdrawal did not cure the error. But in other cases the trial courts have freely exercised the privilege, which is not only a matter of custom but almost a matter of necessity in the supervision of a lengthy trial. Ordinarily where the evidence is withdrawn no error is committed. [Citations omitted.]"

Furthermore, unless prejudice appears or is shown by the appellant in some way, the law will presume that the jury followed the judge's instructions. *State v. Long*, 280 N.C. 633, 187 S.E. 2d 47 (1972); *State v. Lane*, 166 N.C. 333, 81 S.E. 620 (1914).

Evidence that defendant was intoxicated at the time of his arrest is overwhelming. Evidence that he was intoxicated at the time of the accident, though not as marked, is nonetheless substantial. After consideration of the competent evidence in this

case, we believe that one is compelled to draw the obvious inference that defendant was intoxicated at the time of the accident. The State's case is not significantly more persuasive with the addition of the erroneously admitted testimony. *Cf. Schneble v. Florida*, 405 U.S. 427, 31 L.Ed. 2d 340, 92 S.Ct. 1056 (1972). Given the judge's extensive instructions to the jury that they disregard the incompetent evidence, the fact that such evidence was limited in scope and was not repeated or re-emphasized before the jury, the relatively prompt withdrawal of the evidence from the jury's consideration and, finally, the substantiality of other competent evidence indicating defendant's intoxication at the time of the accident, we believe that the prejudicial effect of the stricken evidence was so insignificant as to be harmless beyond a reasonable doubt. *State v. Crowder*, 285 N.C. 42, 203 S.E. 2d 38 (1974), *modified on other grounds*, 428 U.S. 903, 49 L.Ed. 2d 1207, 96 S.Ct. 3205 (1976); *State v. Noell*, 284 N.C. 670, 202 S.E. 2d 750 (1974); *State v. Moore*, 276 N.C. 142, 171 S.E. 2d 453 (1970); *State v. Battle*, 269 N.C. 292, 152 S.E. 2d 191 (1967). This assignment is overruled.

[3] The trial judge instructed the jury that it could return a verdict of guilty of driving a motor vehicle upon a public highway while under the influence of intoxicating liquor, a violation of G.S. 20-138(a); guilty of driving while blood alcohol was 0.10% or more by weight, a violation of G.S. 20-138(b); or not guilty. Defendant made a timely request that the trial judge also charge on the lesser offense of reckless driving after consumption of alcohol, under the provisions of G.S. 20-140(c). This request was denied. Defendant assigns this denial as error.

G.S. 20-140(c) provides:

> "Any person who operates a motor vehicle upon a highway or public vehicular area after consuming such quantity of intoxicating liquor as directly and visibly affects his operation of said vehicle shall be guilty of reckless driving and such offense shall be a lesser included offense of driving under the influence of intoxicating liquor as defined in G.S. 20-138 as amended."

The clear wording of this statute makes the offense described therein a lesser included offense of driving under the influence of intoxicating liquor.

It is well settled in North Carolina that when a defendant is indicted for a criminal offense he may be convicted of the offense charged or of a lesser included offense when the greater offense in the bill includes all the essential elements of the lesser offense. Further, when there is evidence to support the milder verdict, the court must charge upon it even when there is no specific prayer for the instruction. *State v. Bell*, 284 N.C. 416, 200 S.E. 2d 601 (1973); *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972); *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970). However, where all the evidence tends to show that the crime charged in the indictment was committed, and there is no evidence tending to show commission of a crime of less degree, this principle does not apply. *State v. Griffin*, 280 N.C. 142, 185 S.E. 2d 149 (1971); *State v. Carnes*, 279 N.C. 549, 184 S.E. 2d 235 (1971). The court is not required to submit to the jury the question of defendant's guilt of a lesser degree of the crime charged in the warrant or indictment when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the charged crime. *State v. Harvey, supra; State v. Flippin*, 280 N.C. 682, 186 S.E. 2d 917 (1972); *State v. Smith*, 268 N.C. 167, 150 S.E. 2d 194 (1966).

In present case the State's evidence was positive as to each and every element of operating a motor vehicle under the influence of intoxicating liquor, and there was no conflicting evidence presented which might support a charge on the lesser degree of reckless driving. Consequently, under the circumstances of this case, we think the trial judge correctly refused to submit the requested instructions with respect to reckless driving.

The decision of the Court of Appeals sustaining defendant's conviction of operating a motor vehicle upon a public highway while under the influence of some intoxicating beverage is affirmed.

Affirmed.