STATE OF NORTH CAROLINA v. DONALD EUGENE CALLIHAN

No. 7910SC1027

(Filed 17 June 1980)

1. **Burglary and Unlawful Breakings § 5.1– burglary – defendant at crime scene – sufficiency of evidence**

    Evidence was sufficient to be submitted to the jury in a burglary prosecution where it tended to show that defendant was apprehended by police at the crime scene, immediately after the crime, dressed the same as the intruder seen by the occupant.

2. **Burglary and Unlawful Breakings § 6.2– nighttime entry accompanied by flight when discovered – evidence of intent – instruction proper**

    The trial court in a burglary prosecution did not err in instructing the jury that "the fact of entry alone in the nighttime accompanied by flight when discovered is some evidence of guilt and in the absence of any other proof or evidence of other intent, and with no explanatory facts or circumstances, may warrant a reasonable inference of guilty intent."

APPEAL by defendant from *Godwin, Judge.* Judgment entered 15 June 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 21 March 1980.

Defendant was charged and convicted of burglary and appeals from judgment imposing a prison term of not less than ten years nor more than life.

State v. Callihan

STATE'S EVIDENCE

Kathleen Hearn operated a boarding house located next to her residence on New Bern Avenue in Raleigh. She rented a room to defendant on 4 February 1979 and saw him three or four times a week. During the early morning of 6 March 1979 she was awakened by the opening and closing of a door. A light was turned on for a few seconds in an adjoining bedroom. She saw a man wearing a brown leather jacket and a black cloth glove. She called the police. She then went to the back yard. The man jumped from the roof and landed on her. She did not see the man's face but she saw the white skin of his neck. She ran back into the house. The police arrived and apprehended in the back yard a man wearing a brown leather jacket. She yelled, "That's him." The man with the police was the defendant.

Joseph Handell, who also had a room in the boarding house, heard a scream. He got up, went to the door, and saw defendant who was standing in the back yard and wearing a brown leather jacket. The police came up and took custody of the defendant. Mrs. Hearn said, "That's him."

A pair of old worn gloves was found in defendant's pants. Glove prints were found on the window of Mrs. Hearn's home.

DEFENDANT'S EVIDENCE

Defendant testified that he was in a local tavern until about 3:30 a.m. He then went to his residence. As soon as he got to his room he heard a scream. He went out the back door and there the police stopped him. At no time that night did he enter Mrs. Hearn's home. He had been convicted of breaking or entering, auto larceny, and escape. Defendant's testimony as to his presence at the tavern until about 3:30 a.m. was corroborated by two witnesses.

*Attorney General Edmisten by Assistant Attorney General Ralf F. Haskell for the State.*

*Hatch, Little, Bunn, Jones, Few & Berry by E. Richard Jones, McDaniel and Heidgerd by C. Diederich Heidgerd for defendant appellant.*

CLARK, Judge.

[1] Did the trial court err in denying defendant's motion to dismiss?

The test to be applied in determining whether the evidence is sufficient to warrant the submission of the case to the jury is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967); *State v. Snead,* 295 N.C. 615, 247 S.E. 2d 893 (1978).

We believe that the circumstantial evidence, when viewed in the light most favorable to the State, is sufficient to permit a reasonable inference that defendant was the person who burglarized the home of Mrs. Hearn. We find most significant the apprehension of defendant at the scene, immediately after the crime, dressed the same as the intruder seen by the occupant. The combination of circumstances creates more than a strong suspicion. The motion to dismiss was properly denied.

[2] The defendant assigns as error the instruction to the jury that "the fact of entry alone in the nighttime accompanied by flight when discovered is some evidence of guilt and in the absence of any other proof or evidence of other intent, and with no explanatory facts or circumstances, may warrant a reasonable inference of guilty intent."

Defendant admits that this language is found in numerous cases, including *State v. Accor,* 277 N.C. 65, 175 S.E. 2d 583 (1970), but argues that the language related to the issue of whether there was sufficient evidence to withstand a motion to dismiss rather than to instructing the jury on the element of intent. We do not agree. The court must charge on all the essentials of the case including the intent to commit larceny. There was no evidence that while in the dwelling defendant committed or attempted to commit the crime of larceny or any other crime, but there is evidence that the defendant fled immediately when he was discovered in the building. In instructing on the essential elements of intent the court not only was warranted in, but had the duty of, explaining to the jury that under such

circumstances there may be a reasonable inference of guilty intent. If the court may make such inference in ruling on a motion to dismiss, we see no reason why the jury could not make such inference under proper instructions in determining the essential element of intent.

Nor does this instruction reduce the burden of proof on the State in violation of *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), *reversed on other grounds*, 432 U.S. 233, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977). In *State v. Williams*, 288 N.C. 680, 220 S.E. 2d 558 (1975), it was recognized that certain basic facts in a criminal case may give rise to a presumption or inference. Such presumption or inference may be and should be submitted and explained to the jury for its consideration where the proof necessary to raise the inference is sufficient for rational jurors to find the presumed fact beyond a reasonable doubt. *See State v. Hammonds*, 290 N.C. 1, 224 S.E. 2d 595 (1976), for instructions on the presumptions of malice and unlawfulness arising upon proof of the intentional inflicting of a wound with a deadly weapon proximately causing death.

The trial court properly instructed the jury and did not err in giving the challenged instruction.

We conclude that the defendant had a fair trial free from prejudicial error.

No error.

Judges MARTIN (Robert M.) and ERWIN concur.