STATE OF NORTH CAROLINA v. RANDY TERRY HERRING AND EDWARD D. JOHNSON

No. 8112SC406

(Filed 15 December 1981)

1. **Burglary and Unlawful Breakings § 5.8— doctrine of recent possession—testimony identifying stolen property contradictory**

In a case in which defendants were convicted of felonious breaking and entering and felonious larceny, the trial court did not err in submitting an instruction on the doctrine of recent possession and did not err in its failure to grant defendants' motions to dismiss on the basis that the testimony identifying the stolen property was contradictory. Even though each of three witnesses upon further examination equivocated in their identification of the stolen property, each had previously positively identified the property. .

2. **Criminal Law § 73— incomplete answer—objection premature**

In a prosecution for felonious breaking or entering and felonious larceny, where, in response to a question concerning identification of equipment, the witness answered "by the serial number the landlord had on" before an objection to his testimony was lodged, the court did not err in overruling the objection as it was impossible to discern at that time whether the answer expressed information within the witness's personal knowledge or depended on the competency and credibility of someone else.

3. **Criminal Law § 114.3— improper phrase in jury instruction—not misleading**

Where the trial court instructed the jury that "the mere fact that the defendants have been indicted or charged with the commission of crime is not evidence of guilt in and of itself," the addition of the words "in and of itself" were improper; however, there was no reason to believe the jury was misled or misinformed by the apparent *lapsus linguae* of the court. G.S. 15A-1443.

APPEAL by defendants from *Herring, Judge.* Judgments entered 26 November 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 October 1981.

Defendants were indicted for second degree burglary and felonious larceny and convicted of felonious breaking and entering and felonious larceny. From judgments of imprisonment, defendants appeal.

*Attorney General Edmisten, by Special Deputy Attorney General Lester V. Chalmers, Jr., for the State.*

*John G. Britt, Jr., Assistant Public Defender, Twelfth Judicial District, for defendant appellant Randy Terry Herring.*

*Jack E. Carter for defendant appellant Edward D. Johnson.*

WHICHARD, Judge.

The State's evidence showed the following:

On 4 June 1980 Hugh Gladden left his trailer sometime after dark. Upon his return he found a window torn out; and his stereo stand, two stereo speakers, tape player, turntable, and radio were missing. Gladden identified State's Exhibit 2—"a stereo, tape player and turntable and radio"—as "the one I lost." He further identified State's Exhibit 3 as the stand to his stereo and State's Exhibit 5 as his speakers.

Anthony Sarcinella saw the defendants coming down a street together "at approximately midnight to two o'clock" the night Gladden's property was stolen. Defendant Herring was carrying a stereo and a stand. Sarcinella identified State's Exhibits 2 and 3 as the stereo and stand he saw Herring carrying. Defendant Johnson was carrying two speakers. Sarcinella testified that he "would say that State's Exhibits 4 and 5 [were] the same two speakers." Sarcinella asked defendants what they were going to do with the stereo. He then asked Martha Charles, near whose home he had seen defendants, to get Steven and Carol Ann Henby, who were staying with her that evening. The police were called after the Henbys came out. Defendants then ran down the road and out of sight. Steven Henby identified the State's exhibits as the stereo and cover he saw defendant Johnson carrying and the speakers he saw defendant Herring carrying.

Upon further examination each witness equivocated in his identification of the State's exhibits. Gladden stated: "I do not know for certain whether or not this stereo is the same one that was stolen from me." Sarcinella stated: "I am reasonably sure that this was the stereo equipment that I saw [defendants] with that night. . . . It appears similar to the one I saw that night, but I do not know that it is the same stereo that I saw that night." Steven Henby stated: "I have never seen another stereo like this one before I saw those two men carrying it, so I don't really know if it's the one I saw that night or one like it or identical to it. As far as I'm concerned, it's the same one."

[1] Defendants contend the equivocal nature of the State's evidence identifying the property they possessed renders it insufficient to support an instruction on, and submission to the jury

under, the doctrine of recent possession. They argue the court thus erred in its instructions and in its failure to grant their motions to dismiss. We find no error.

When passing upon a motion to dismiss in a criminal case, just as when passing upon a motion for nonsuit, "all of the evidence favorable to the State . . . must be considered, such evidence must be deemed true and considered in the light most favorable to the State, *discrepancies and contradictions therein are disregarded* and the State is entitled to every inference of fact which may be reasonably deduced therefrom." *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E. 2d 822, 826 (1977) (emphasis supplied). *See State v. Mendez*, 42 N.C. App. 141, 256 S.E. 2d 405 (1979) (motions for nonsuit and dismissal treated alike). "[T]he question for the court is whether there is substantial evidence of each element of the offense charged, or of a lesser offense included therein, and of the defendant's being the perpetrator of such offense." *State v. Snead*, 295 N.C. 615, 617, 247 S.E. 2d 893, 895 (1978).

The evidence here, judged by the foregoing standard, was sufficient to establish that: (1) the property described in the indictments was stolen, (2) the stolen goods were found in defendants' custody and subject to their control and disposition to the exclusion of others, and (3) the possession was recently after the larceny. It was thus sufficient under the doctrine of recent possession to withstand the motions to dismiss. *See State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981); *State v. Allison*, 265 N.C. 512, 144 S.E. 2d 578 (1965). The equivocation in the testimony identifying the stolen property constituted "discrepancies and contradictions" which the court properly disregarded in passing on the motions to dismiss. *Witherspoon*, 293 N.C. at 326, 237 S.E. 2d at 826. Gladden had positively identified the property as his, and other witnesses had positively identified it as that which they saw in defendants' possession the night the thefts occurred. The court thus properly instructed on the doctrine of recent possession and properly denied the motions to dismiss.

[2] Defendants next contend the court erred in its evidentiary ruling when the following occurred during examination of the witness Gladden:

Q. And how did you identify [the equipment]?

A. By the serial number the landlord had on—

MR. BRITT: Objection.

MR. CARTER: Objection, Your Honor.

MR. BRITT: Move to strike.

COURT: Overruled.

They argue that the probative force of the evidence admitted depended on the competency and credibility of someone other than the witness, and that the evidence thus constituted inadmissible hearsay. *See* 1 Stansbury's North Carolina Evidence, § 138 (Brandis Rev. 1973).

The witness had not completed his answer when objections were lodged. Whether the answer expressed information within his personal knowledge, or depended on the competency and credibility of someone else, was thus indeterminable at that time. The court, then, did not err in overruling the objections. While the testimony would have been subject to motions to strike when the witness subsequently indicated that his identification was based on "some numbers that someone else had" and that he had "no way of knowing whether those numbers were accurate," no such motions were entered.

[3] Defendants finally contend the court erred in instructing that "the mere fact that the defendants have been indicted or charged with the commission of crime is not evidence of guilt in and of itself." They cite N.C.P.I.-Crim. 101.10, which reads in part: "[T]he fact that he has been [indicted] [charged] is no evidence of [a defendant's] guilt"; and argue that by adding the words "in and of itself" to the pattern instruction, the court implied that the fact of indictment may be considered as evidence of guilt if there is other evidence thereof.

Although the phrase was improper, we find no reason to believe the jury was misled thereby to the prejudice of defendants. Construing the charge contextually, as we must, it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed by the apparent *lapsus linguae* of the court in this isolated instance. *See State v. Davis*, 290 N.C. 511, 544, 227 S.E. 2d 97, 117 (1976). The exception thus will not be sustained, even though the instruction

would have been more aptly given in different form. *Davis*, 290 N.C. at 544-545, 227 S.E. 2d at 117. *See generally* G.S. 15A-1443.

We find that defendants had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and HILL concur.