**Vincent REDD, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1082S387.

Supreme Court of Indiana.

April 19, 1984.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Vincent Redd was found guilty by a jury in the Elkhart Superior Court of murder. He subsequently was sentenced to forty years imprisonment. He now directly appeals and challenges the sufficiency of the evidence.

The facts adduced during trial show that at approximately 8:00 a.m. on March 9, 1981, Appellant went to the home of his in-laws where his estranged wife, Sherry Ann Redd, was then residing. Appellant and Sherry remained there throughout the entire day except for one short period of time when Appellant left to do an errand. At approximately 6:15 p.m., police officer Barry Stockman was called to the house where he witnessed Sherry being laid out on the front sidewalk. Appellant first informed Stockman that Sherry had jumped through a window. Appellant subsequently stated that Sherry had stabbed herself and then jumped through a window. Dr. David Jentz, the pathologist who conducted Sherry's autopsy, testified that considerable force was needed to put a knife through Sherry's sternum to pierce her heart as was done. He further testified that Sherry's wounds by their type and location were incisional defense wounds or wounds that occur when a victim attempts self-defense. At trial, Appellant contradicted his prior statements to police by testifying that he grabbed his knife as Sherry was pulling it towards herself; he said that he was surprised when he discovered blood on his knife. Appellant weighed approximately 170 pounds while Sherry weighed 124 pounds.

■ This Court will affirm a conviction if the evidence and reasonable inferences therefrom which support the guilty verdict are of substantial probative value and are such that a reasonable trier of fact could infer that the convicted defendant was guilty beyond a reasonable doubt. *Ingram v. State*, (1981) Ind., 421 N.E.2d 1103. Moreover, the trier of fact is permitted to infer the guilt of an accused from circumstantial evidence without the need for an eyewitness. *Brown v. State*, (1981) Ind., 421 N.E.2d 629. When the evidence of guilt is circumstantial, we consider

whether reasonable minds could reach the inferences drawn by the trier of fact. If we find that the inferences supporting guilt can reasonably be drawn from the evidence, then there is sufficient evidence to support the conviction. *Gilmore v. State,* (1981) Ind., 415 N.E.2d 70. We specifically have held that criminal intent may be established by inference. *Duncan v. State,* (1980) Ind., 409 N.E.2d 597.

In the instant case, Appellant went to the victim's house with a knife. The victim had incisional defense wounds indicating the use of considerable force. Although Appellant states in his brief that only he and the victim can really know what happened between them, we now find that the jury made reasonable inferences from the sufficient circumstantial evidence in this case to properly find Appellant guilty of murder.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.