STATE OF NORTH CAROLINA v. JASON LEE COONEY

No. 845SC325

(Filed 5 February 1985)

**Automobiles § 2.4— limited driving privilege — driving after drinking — violation of conditions — insufficiency of evidence**

    The trial court erred in denying defendant's motions to dismiss a charge against him of driving while his license was in a state of revocation based on his violation of the conditions of his limited driving privilege where one of the conditions was that he should not drive within three days after consuming any alcoholic beverages; there was considerable evidence that defendant operated a motor vehicle and that he consumed alcoholic beverages; but there was no evidence as to whether defendant consumed the alcohol before 1:00 a.m., the time at which he last drove, or between 1:00 a.m. and 2:25 a.m. during which time he was at his friend's home and subsequent to which he was in the custody of a police officer.

    Judge WHICHARD dissenting.

APPEAL by defendant from *Llewelyn, Judge*. Judgment entered 25 January 1984 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 8 January 1985.

Defendant was charged in a warrant with operating a motor vehicle on a public highway while under the influence of alcoholic beverages, second offense, and with driving while his driver's license was in a state of revocation, in violation of N.C. Gen. Stat. Sec. 20-28. The jury returned a verdict of not guilty in the case wherein defendant was charged with driving under the influence and a verdict of guilty in the case wherein defendant was charged with driving while his license was revoked. The court entered judgment on the verdict sentencing defendant to not less than 10 nor more than 15 months in jail and ordering defendant to pay a $200 fine; the sentence was suspended on condition that defendant serve eight consecutive weekends in jail. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*D. Webster Trask for defendant, appellant.*

HEDRICK, Chief Judge.

The record contains the following "Stipulation of Counsel:"

> The defendant stipulated that he was previously con-
> victed of driving under the influence of alcoholic beverages
> on September 12, 1983, in the District Court of New Hanover
> County. The defendant further stipulated that on said date
> he was issued a restricted driving privilege which contained
> a provision that he should not drive within three days after
> consuming any alcoholic beverages.

N.C. Gen. Stat. Sec. 20-179(b)(5), which was in effect at the time of
the offense, provides that a violation of the conditions applicable
to a limited driving privilege "shall constitute the offense of driv-
ing while license revoked as set forth in G.S. 20-28(a)."

Defendant first assigns error to the court's denial of his mo-
tions to dismiss the charge against him on the grounds that the
evidence was insufficient to show that he violated the conditions
of his limited driving privilege. Considered in the light most
favorable to the State, the evidence tends to show the following:

On 28 September 1983 at approximately 1:00 A.M. defendant
was driving his car on a rural paved road in New Hanover Coun-
ty. When he attempted to turn into the entrance of a trailer park,
the right front end of the car went into a ditch. Defendant left the
car and walked into the trailer park, to the home of a friend, "to
see about calling someone to come get the vehicle out of the
ditch." At approximately 1:15 Trooper J. R. Todd, an officer of
the State Highway Patrol, learned of the accident and went to the
scene. Trooper Todd called a wrecker and watched as defendant's
car was towed away. He then left the scene. Approximately fif-
teen to twenty minutes later Trooper Todd received word from
the radio dispatcher that the owner of the car had called the
Highway Patrol concerning the accident. Defendant spoke briefly
to Trooper Todd on a pay telephone, giving him directions to the
trailer from which he was calling. The officer arrived at the
trailer at 2:25 A.M., where he observed defendant and another
man "leaning up against a car." At the officer's request, defend-
ant got into the patrol car. In response to questioning by Trooper
Todd, defendant explained that he was unfamiliar with the road
on which the accident occurred and that he had missed

the driveway and turned into the ditch instead. After a few minutes of conversation, the officer noticed that defendant's eyes were red and his face flushed, and he detected a "faint odor of alcohol about him." The officer arrested defendant and took him to the Wilmington Police Department, where a breathalyzer test was administered at 3:31 A.M. The results indicated a blood-alcohol level of .12.

In order to convict defendant of driving while his license was in a state of revocation based on his violation of the conditions of his limited driving privilege, the State must show: (1) that defendant operated a motor vehicle; (2) that defendant consumed alcoholic beverages, and (3) that defendant's consumption of alcoholic beverages occurred within the seventy-two-hour period preceding his operation of a motor vehicle. In the instant case the State offered considerable evidence on the first and second elements, but offered no evidence on the third element. Succinctly stated, defendant's intoxication at 3:31 is without probative value as to the crucial question whether defendant consumed alcoholic beverages within the seventy-two-hour period prior to 1:00 A.M., the time at which defendant last drove. Defendant may have consumed alcohol prior to 1:00 A.M. or in the period between 1:00 and 2:25 A.M., during which time he was at his friend's home; the evidence offers no reasonable basis for concluding that the former, rather than the latter, occurred.

Our disposition of this case renders unnecessary any consideration of defendant's remaining assignments of error.

Reversed.

Judge WHICHARD dissents.

Judge PARKER concurs.

Judge WHICHARD dissenting.

When a motion for [dismissal] questions the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. (Citations omitted.) If so, it is for the jury to decide whether the facts, taken singly or in combination,

satisfy them beyond a reasonable doubt that defendant is guilty. (Citation omitted.)

*State v. Snead,* 295 N.C. 615, 618, 247 S.E. 2d 893, 895 (1978).

The evidence here permits only two reasonable inferences: (1) that defendant had been drinking immediately prior to the accident, or (2) that defendant consumed a significant quantity of alcohol between 1:00 a.m., the time of the accident, and shortly after 2:25 a.m. when the officer first detected characteristics of alcohol consumption about him. As noted in *State v. Cummings,* 267 N.C. 300, 302, 148 S.E. 2d 97, 98 (1966), a driver who has an accident "isn't likely to hurry off for more intoxicants to make his condition more noticeable and his breath more 'odoriferous.'" The more reasonable inference thus is that defendant had been drinking immediately prior to the accident, and I believe the court properly permitted the jury to draw that inference.

While the facts here are less compelling than those in *Snead,* I believe they are "sufficient to permit a reasonable inference that defendant was intoxicated at the time of the accident." *Snead,* 295 N.C. at 618, 247 S.E. 2d at 896. I thus find *Snead* authoritative and would hold, pursuant thereto, that the trial court correctly denied the motion to dismiss.

I find no merit in defendant's other arguments. I thus vote to find no error in the trial.