Jeffrey L. BRUNES, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–984A223.

Court of Appeals of Indiana, First District.

March 14, 1985.

according to IND.CODE 22–4–17–9.

Gary L. Miller, Hollingsworth & Meek, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael B. Murphy, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Jeffrey L. Brunes appeals his conviction of operating a motor vehicle while intoxicated.[1] We affirm.

**1.** Indiana Code section 9–11–2–2.

## FACTS

About 2:00 A.M. on February 12, 1984, officers of the Hendricks County Sheriff's Department were dispatched to the scene of a possible accident. Upon arrival at the scene, they saw a 1977 Chrysler automobile which had run off the road into a ditch. No one was behind the steering wheel of the automobile, its lights were off, and the engine was not running. A crowd of five or six persons had assembled, and an effort was being made by a semi-trailer truck to pull the car out of the ditch.

One of the officers inquired if any one was injured and asked who was driving the car. Brunes advised that no one was injured and that he was the driver. The officers then asked Brunes for his driver's license and vehicle registration. When he brought these items to the officers, they noticed an odor of alcohol and further observed that his speech was slurred and his walk was unsteady. Brunes was unable to perform certain field sobriety tests including touching his nose and walking a straight line. In the opinion of both officers, Brunes was intoxicated.

## ISSUES

Brunes raises the following issues which we have renumbered and restated:

1. Was Brunes's statement that he was driving the car admissible?

2. Is the evidence sufficient to sustain the conviction?

## DISCUSSION AND DECISION

*Issue One*

At trial, Brunes objected to the admission into evidence of his statement both on *Miranda*[2] grounds, and because there was insufficient evidence of *corpus delicti* to permit the admission of this evidence. Brunes has not argued his *Miran-*

**2.** *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

*da* objection on appeal, thereby waiving such issue. Also, Brunes's motion to correct errors fails to raise sufficiently any issue as to the admission of his statement. His motion to correct errors makes only the bald assertion "[t]he Court erred in admitting, over the objections of the defendant, certain statements made by the defendant at the time of his arrest." Record at 52. The memorandum accompanying the motion to correct errors fails to state any bases for the claimed inadmissibility in specific terms, states no facts or grounds upon which the alleged error is based, and completely lacks argument in support of the error claimed. Indiana Rules of Procedure, Trial Rule 59(D)(2), made applicable to criminal cases by Indiana Rules of Procedure, Criminal Rule 16, provides that "[e]ach claimed error shall be stated in specific rather than general terms, and shall be accompanied by a statement of the facts and grounds upon which such errors are based." The motion to correct errors here falls far short of meeting the requirements of T.R. 59(D)(2). *Nunn v. State* (1983), Ind., 450 N.E.2d 495; *Raspberry v. State* (1981), 275 Ind. 504, 417 N.E.2d 913. Consequently, no issue of the admissibility of Brunes's statements is preserved for appellate review. *Prine v. State* (1983), Ind., 457 N.E.2d 217; *Raspberry*. Thus, the only issue for our determination is that of the sufficiency of the evidence.

*Issue Two*

■ Our standard of review on sufficiency issues is well settled. We neither reweigh the evidence nor judge the credibility of witnesses. Rather, we consider only that evidence most favorable to the state, together with all reasonable inferences to be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the conclusion of the trier of fact, that judgment will not be disturbed. *Anderson v. State* (1984), Ind., 466 N.E.2d 27; *Ashford v. State* (1984), Ind., 464 N.E.2d 1298. A conviction may be sustained on the basis of circumstantial evidence. *Redd v. State* (1984), Ind., 461 N.E.2d 1124. In such cases, we consider whether reasonable minds could reach the inferences drawn by the trier of fact. If such inferences can reasonably be drawn from the evidence, the evidence is sufficient. *Id.* Neither do we have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence, it being sufficient if an inference may be drawn therefrom which supports the finding. *Warner v. State* (1983), Ind., 455 N.E.2d 355; *Armstrong v. State* (1982), Ind., 429 N.E.2d 647. With these well established principles in mind, we now consider the sufficiency question in this case.

■ Brunes argues there is insufficient evidence that he drove the automobile and that he was intoxicated at the time he drove it. We disagree.

Although we find no Indiana case dealing with the precise factual situation here, we believe Indiana cases do provide guidance, and when considered together with cases from other jurisdictions, support our determination that the evidence here sufficiently supports the trial court's judgment.

In *Garland v. State* (1983), Ind.App., 452 N.E.2d 1021, the defendant was found sitting behind the wheel of a car which had been driven into a snow bank. The car lights were on and the engine was running. The defendant, who was glassy-eyed, smelled of alcohol, and whose speech was slurred, and whose balance was poor, told police he had just run off the road. We held this evidence sufficient to sustain a conviction of drunk driving. Likewise, in *Rose v. State* (1976), 168 Ind.App. 674, 345 N.E.2d 257, evidence that defendant was asleep behind the steering wheel of his car which was stopped at an intersection with lights burning and engine running, and that the driver was intoxicated was held sufficient to sustain a conviction for operating a motor vehicle while under the influence of intoxicating liquor.

Admittedly, here we do not have a defendant found behind the wheel of an automobile with the engine running. Nevertheless, we believe the evidence to be suffi-

cient. The facts in *State v. Snead* (1978), 295 N.C. 615, 247 S.E.2d 893, are nearly identical to this case. In *Snead,* the officer went to the scene in response to a radio dispatch. Upon arrival, he found the defendant's car in a ditch and several people milling around. The defendant admitted he was driving. The officer found the defendant to be in an intoxicated condition. The North Carolina Supreme Court found "this circumstantial evidence sufficient to permit a reasonable inference that defendant was intoxicated at the time of the accident." *Id.,* 247 S.E.2d at 896. The court further noted that "[t]he presence of a crowd at the scene and the necessity of appointing a bystander to direct traffic would indicate that the road was reasonably well-traveled, and that the accident was of recent origin." *Id.,* 247 S.E.2d at 896. The *Snead* court found the state's evidence "positive as to each and every element of operating a motor vehicle under the influence of intoxicating liquor," and affirmed the conviction.[3]

The comparison between this case and *Snead* is obvious. Here, the officers came upon an accident scene and found a car off the road in a ditch. A crowd of people had gathered and traffic was stopped in both directions, indicating a recent occurrence. An obviously intoxicated person admitted he had been driving the automobile. We find *Snead* to be a well-reasoned case and adopt its rationale. Thus, we are compelled to hold the evidence sufficient to sustain the conviction.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.

---

**3.** For a case reaching a contrary result on similar evidence, see *Ford v. State* (1978), Tex.Crim. App., 571 S.W.2d 924. We reject the reasoning of *Ford* in favor of that reached by the North Carolina court in *Snead. See People v. Jendrzejak* (1968), 98 Ill.App.2d 313, 240 N.E.2d 239, for case also supporting the *Snead* decision. In *Jendrzejak,* a police officer saw a car in a ditch and the defendant standing on the roadway. The defendant said he was the owner and driver of the car. Defendant was glassy-eyed, smelled strongly of alcohol, staggered and was unsteady on his feet, his speech was affected, and he could not perform the finger-to-nose test. In the officer's opinion defendant was intoxicated. The conviction was upheld.